By the Court.
 

 Myrtle Van Nort sued the plaintiff in error, J. H. Wells,'in'the court of common pleas, alleging that she had employed him as a surgeon to perform an operation for appendicitis, and that such surgeon, in addition to removing the appendix, removed both fallopian tubes of the plaintiff without her knowledge or consent.
 

 Defendant answered, admitting that he performed the surgical operation on the plaintiff, but denied every other allegation contained in the petition.
 

 On the trial, plaintiff having introduced her evidence and rested her case, a motion of the defendant to arrest the testimony from the jury was sustained by the court, upon the ground that there was not evidence sufficient to submit the case to the jury. The court thereupon entered judgment in favor'of the defendant. This judgment was reversed by the court of appeals and the case re
 
 *102
 
 manded to the court of common pleas for further proceedings. Error is now prosecuted to this court to reverse the court of appeals.
 

 The question before this court is whether the plaintiff, when she rested her case, had introduced sufficient evidence, requiring its submission to the jury. The general purport of this testimony was to the effect that prior to the operation plaintiff-was in good health, but about that time suffered her first attack from a cause diagnosed by the defendant as appendicitis; that the surgeon had said that the operation would be merely a scratch; that the incision would be large enough for the insertion of two fingers only; that the only operation which she consented to was an operation for appendicitis ; that none other was talked about or intended at the time of the diagnosis; and that in the course of such operation, while the plaintiff was under an anesthetic, the surgeon removed both of her fallopian tubes, which he claimed to have found in a diseased condition. The plaintiff’s husband testified that he was present in the hospital during the time of the operation, and that he heard nothing about the diseased character of the tubes until the surgeon told him so after the operation, when the surgeon said to him: “I found her tubes in bad shape and I removed them. I could have treated them, but the chances are that she might have been in the hospital two or three months; so I thought I had better take them out.” The testimony further disclosed that the removal of the fallopian tubes would produce sterility and prevent conception.
 

 
 *103
 
 For the purpose of this case this court must take the testimony produced by the plaintiff on the trial as true. It was incumbent upon her to prove that she did not consent either -expressly or impliedly to that part of the operation which resulted in the removal of the fallopian tubes. It appears her only express assent was to an operation for appendicitis. Whether there Was such an assent, either express or implied, was a question of fact for the jury. Since the plaintiff’s testimony tended to prove that there was no express assent to the removal of the fallopian tubes, but that the only operation discussed was for appendicitis, and that the fallopian tubes removed could have been treated by the surgeon in two or three months’ time at the hospital, the case should have been submitted to the jury.
 

 The judgment of the court, of appeals is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur.