Day, J.
 

 This is an action to recover damages for injuries sustained by plaintiff when struck by a streetcar operated by the defendant, The Peoples Railway Company.
 

 In the Common Pleas Court, the plaintiff recovered a judgment in the sum of $1,000 upon a special verdict returned by the jury, but, on appeal to the Court of Appeals of Montgomery county, this judgment was reversed and final judgment was entered in favor of the defendant on the ground that the trial court erred in refusing to grant the motion of the defendant for a directed verdict. This case is here upon the allowance of a motion to certify.
 

 The plaintiff, a child eight years of age, attended the E. J. Brown Elementary School in the city of Dayton, located on Parkwood avenue, about a half square west of Main street. Main street, running north and south, and Parkwood avenue, running east and west, intersect each other at right angles. The defendant company maintains double tracks in the center of Main street, over which it operates streetcars. There is no traffic light to control traffic at this intersection.
 

 On March 19', 1935, school had been dismissed for the noon period and the plaintiff had come to the corner of Main street and Parkwood avenue. A number of children had congregated on the northwest corner of the intersection and were under the guidance and control of the school patrol. The school patrol consisted of older boys of the' school, whose duty it was to station themselves at the street crossings and assist the younger children to cross the street in safety.
 
 *549
 
 These boys were equipped with white belts, a badge and a sign bearing in large, black letters, on an orange background, the word “stop.”
 

 At this time a south-bound streetcar, operated by the defendant company, was approaching the intersection. The testimony is uncontroverted that the car was operated at a slow rate of speed and that the plaintiff was struck by this car. However, there is a sharp divergence in the testimony as to the manner in which the accident occurred.
 

 The evidence adduced by the plaintiff was to the effect that the patrol boy * ‘ stepped down off the curb and started out with the sign”; that immediately all the children on this corner followed him into the street ; that the 'distance, from the curb to the nearest streetcar track was fourteen and .seventy-five hundredths feet; that the patrol boy proceeded to a point “not quite to the car tracks”; that the streetcar was at this time fifteen or twenty feet from the intersection and the patrol boy started to put up his sign; that the patrol boy, seeing that the car was not going to stop, then moved back to the curb; that several children, among whom was the plaintiff, had already passed the patrol boy, and continued to walk toward the car track; that both the plaintiff and another boy, whose name was not known at the time of the trial, were struck by the car, the other boy apparently escaping, uninjured. The plaintiff was knocked down, and when the streetcar had come to a stop he crawled out from under the car and walked over to the northeast comer of this intersection.
 

 Witnesses for the plaintiff testified that they did not hear any warning sounded by the approaching car. There is testimony in the record that the streetcar had proceeded to the center of the intersection before it had been brought to a stop by the motorman after the collision. Robert Davis, a patrol boy who wit
 
 *550
 
 nessed the accident, although not on duty at the particular time, testified thus:
 

 “Q. Did you see the street car come to a stop? A. No.
 

 “Q. I mean finally when it came to a stop ? A. Yes.
 

 “Q. When did the motorman bring it to a stop? Where did the streetcar stop with reference to Park-wood? A. About in the middle.”
 

 Upon cross-examination, Robert Davis testified:
 

 “Q. And this streetcar stopped almost suddenly after Billy Wilson was hit? A. It went to the middle of Parkwood and stopped.”
 

 William Frazell, the patrol boy who was on duty and witnessed the accident, testified:
 

 “Q. Now, William, with reference to Parkwood avenue, can you give us your best recollection now as to just about where that streetcar was when it stopped? A. The front of the car was about halfway over to the other side of the street.”
 

 Plaintiff’s witnesses testified that plaintiff was walking, not running, at the time of the accident, and that after he had crawled out from beneath the car, the motorman talked to him. Plaintiff himself testified that after the injury, some man took his name while he was at the northeast corner of the intersection.
 

 At the close of the plaintiff’s evidence, defendant moved the court to direct a verdict in its favor, which motion was overruled. The defendant then proceeded with the presentation of its case.
 

 The defendant offered the evidence of three witnesses, one of them the motorman, and the others passengers riding in the car at the time of the accident. They testified that the patrol boy was standing off the curb, holding up his hand to keep back the children; that “one little boy came running from the back and ran right around him and across' the street right in front of this car”; that the motorman got no signal from the patrol boy to stop; that as soon as he saw
 
 *551
 
 the boy start out, he applied his brakes and stopped; that the car was stopped when the boy came in contact with it; that the boy was not dragged and that the gong was sounded when the car was thirty feet away.
 

 Bebuttal evidence was furnished by plaintiff, who testified that he walked across the street and did not run, and that he .did not see the streetcar before he started to cross the street. He testified that he was depending on the traffic boy. His story of the accident is similar to that of the plaintiff’s other witnesses. He expressly denied running around the patrol boy or the other children and out into the street.
 

 At the conclusion of all the evidence, the defendant again moved for a directed verdict, which motion was overruled.
 

 The sole question in this case is whether the trial court erred in overruling defendant’s motion for a directed verdict.
 

 In passing upon a motion for a directed verdict, based on the ground that the evidence is insufficient to establish a cause of action, a trial court is neither required nor permitted to make a finding of fact, or determine from conflicting statements of witnesses wherein the truth most probably lies. See
 
 Pope, Admx.,
 
 v.
 
 Mudge,
 
 108 Ohio St., 192, 140 N. E., 501. On the contrary, in ruling upon the motion, the trial court is required to treat as true all the evidence introduced and all reasonable inferences which a jury might draw therefrom which support the facts essential to the claim of the party against whom the motion is made
 
 (Wells
 
 v.
 
 Van Nort,
 
 100 Ohio St., 101, 125 N. E., 910;
 
 Hoyer, Admx.,
 
 v.
 
 Lake Shore Electric Ry. Co.,
 
 104 Ohio St., 467, 135 N. E., 627), and must construe the evidence most strongly in favor of that party. To this end, the trial judge should give the party against whom the motion is made the benefit of all reasonable inferences that can be drawn from the evidence offered.
 
 Bucher
 
 v.
 
 Plymouth Oil & Gas Co.,
 
 107 Ohio St., 73,
 
 *552
 
 140 N. E., 940;
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634.
 

 If, after so treating the evidence, the court should find that reasonable minds may reach different conclusions as to any question of fact essential to the claim of the party against whom the motion is made, the motion should be denied and the case submitted to the jury. See
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Cos Co.,
 
 127 Ohio St., 469, 189 N. E., 246.
 

 If the trial judge finds that there is conflicting testimony in reference to the controlling issues of fact in the case, and some of the questions of fact are of such a character that different minds might reasonably arrive at different conclusions, the trial court is not warranted in directing a verdict. 39 Ohio Jurisprudence, 804, Section 185.
 

 An examination of the record discloses controverted testimony with respect to the issue of negligence raised by the pleadings. The evidence is not so conclusive . either for or against the plaintiff on this issue as to warrant a court in saying that reasonable minds could not differ in the conclusions to be drawn therefrom.
 

 The children were visibly in a state of confusion and indecision. Would a reasonably prudent motorman, under like circumstances, have stopped his car in order to permit the children to cross and thereby avoid injury, or would he have continued in his course without stopping, as the motorman jdid in this case?
 

 This is not a question of law for the court but one of fact for the jury.
 

 It cannot be seriously claimed that mere slow movement of a streetcar is a complete defense to a charge of negligence. One may be travelling at a lawful rate of speed and yet be guilty of negligence in another respect. Speed is not the only test of negligence. One driving at a reasonable rate of speed may nevertheless be found negligent if he violates s'ome other duty of exercising ordinary care. A motorman is required
 
 *553
 
 to anticipate actions of children of tender years. Children may reasonably be expected to do many things which, if done by an adnlt, would be deemed to be contributory negligence as a matter of law. However, a child eight years of age may not be held guilty of negligence as a matter of law, and whether he is guilty of such negligence as a matter of fact is a question for the jury, taking into consideration all the facts and circumstances surrounding the accident.
 

 There is testimony to the effect that plaintiff ran into the path of the approaching streetcar, and there is testimony to the effect that the plaintiff did not run but that he walked. Where the truth lies is for the jury to determine.
 

 There is' controverted testimony on the question whether the motorman sounded his gong — likewise a question of fact for the jury.
 

 Whether the motorman maintained a lookout and saw the plaintiff in the act of crossing, and whether in the exercise of ordinary care the motorman should have stopped his car in time to avoid the collision, are likewise questions of fact for the jury. These questions cannot be answered by the court as a matter of law.
 

 It is not error for a trial court to overrule a motion for a directed verdict where the evidence is controverted on a material issue of fact in the case, from which evidence different minds may reasonably draw different conclusions; and the trial court did not err in submitting these questions of fact to the jury for determination.
 

 A directed verdict was not warranted by the record and the judgment of the Court of Appeals is therefore reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Williams, Myers and Hart, JJ., concur.