## MOORE and OHIO CASUALTY INSURANCE COMPANY, Plaintiffs-Appellants, v. JACKSON et, Defendants-Appellees.

Ohio Appeals, Second District, Preble County.

No. 129. Decided December 8, 1953.

Harshman, Young, Colvin & Alexander, Dayton, Robert C. Alexander, of Counsel, for plaintiffs-appellants.

Curtner, Brenton & O'Hara. Dayton, Clifford R. Curtner, of Counsel, for defendant-appellee, Jay K. Jackson.

Landis, Ferguson, Bieser & Greer, Dayton, Warren A. Ferguson, of Counsel, for defendant-appellee, James Glander.

### OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Common Pleas Court rendered in favor of both of the defendants herein upon motions duly filed for instructed verdicts at the close of the plaintiffs' case. The action was one for damages arising out

of the collision of the Louise Moore automobile with the truck of the defendant Jackson. The acts of negligence charged in the petition are:

1. Defendant, Jay K. Jackson, failed to keep the 1950 Ford truck which he was driving to the right of the center line of Rt. No. 127.

2. Defendant, Jay K. Jackson, failed to slow down or stop when his view of the highway was impaired by the smoke from the passing train.

3. Defendant, Jay K. Jackson, failed to maintain control over said Ford truck in that he failed to guide it and steer its course of travel away from the path of the Oldsmobile driven by the defendant, James Glander, so as to avoid a collision with said Oldsmobile.

4. Defendant, James Glander, failed to slow down or stop when his view of the highway was impaired by the smoke from the passing train.

5. Defendant, James Glander, failed to keep the Oldsmobile which he was driving to the right of the center line of Rt. No. 127.

6. Defendant, James Glander, failed to maintain control over said Oldsmobile in that he failed to guide it and steer its course of travel away from the path of the Ford truck driven by defendant, Jay K. Jackson, so as to avoid a collision with said Ford truck.

The question presented is whether either of the defendants was guilty of negligence which was a proximate cause of the plaintiffs' damages. It should first be noted that the Moore automobile was being driven by the husband of the owner, Louise Moore, who was on a mission of his own; hence, the question of contributory negligence does not arise. The negligence of the husband, if any, cannot in this case be imputed to his wife. By giving the evidence its most favorable interpretation towards the plaintiffs, and which we are required to do, we find it discloses the following facts, to-wit: That on the morning in question the defendant Jackson was proceeding northwardly at about 20 miles per hour on U. S. Route 127, in the southern part of Preble County, Ohio, driving a truck heavily loaded with fertilizer; that the highway was covered with snow and ice with the exception of the center of the road, where it had been worn thin or scraped clear. It was a clear, snowy day and visibility was, under normal conditions, very good. Mr. Jackson was driving on his right or east side of the highway and as he approached a point two and one-half miles south of Camden, Ohio, a southbound train approached on the railroad tracks running im-

mediately parallel to and just a little west of the highway. Dense clouds of smoke were coming out of the stack. As he reached the front of the train he slowed down to 10 or 12 miles an hour and was immediately enveloped in a dense smoke. He then pulled to the right as far as he could and headed straight. At the time he hit the smoke, and just as it was enveloping his truck, a car driven by the defendant Glander approached him from the opposite direction, which he did not see because of the heavy smoke. This car struck the left front corner of the truck bed. Jackson testified that this was a light blow, which he heard but which did not cause him to lose control of the truck. He testified that he was positive he was on his right side of the road immediately prior to entering the smoke, and just a second before entering it he was well over on the right edge of the highway and had held his course straight upon entering.

The record further reveals that at this time three cars were headed south on the highway, the first being driven by the defendant Glander, the second by a Mr. Laub, and the third by the plaintiff's husband, Mr. Moore. They came to a stop for the freight train at Camden, Ohio. about two and one-half miles north of where the accident occurred. These cars proceeded south over the slippery highway and when they reached a curve, which is approximately one mile from the scene of the accident, they were spread out from 100 to 150 feet apart. Moore was driving about 40 miles an hour and continued this speed until within 20 feet of the disabled cars, and after he had passed through smoke from the train. The smoke was first observed by Moore when he was approximately three-quarters of a mile from the scene of the accident. He continued in the smoke, heard a crash and then observed the truck lying on its side approximately 20 feet ahead of him, with its front end a little west of the center line of the highway and the rear end in the ditch, and the Laub car blocking the southbound portion of the highway with its front end against the truck and its rear end extending across the right side of the road. The Glander car was in the ditch some distance south of the two entangled vehicles. Upon observing the two vehicles blocking the highway, Moore attempted to stop, and being unable to do so, slid into both the truck and the Laub car.

Plaintiffs' theory of the case is that either or both of the defendants, Jackson and Glander, were guilty of negligence when their cars collided, causing the defendant Jackson to strike the next car in line, being driven by Laub, causing the truck to overturn, the highway to be completely blocked, and causing the Moore automobile to collide with them.

The motions to dismiss were based upon two propositions, either of which is sufficient to sustain the judgment. They were: (1) The plaintiffs have failed to prove any negligence on the part of either of the defendants; (2) if either defendant was guilty of negligence the same would be a remote cause and not a proximate cause of the plaintiffs' damages.

A further examination of the record affirmatively establishes that the first contact of the cars of the two defendants was only slight, the left corner of the Jackson truck being struck, but which did not cause Jackson to lose control. Jackson proceeded slowly on his right side of the road and was struck by the Laub car, causing it to overturn. Moore testified that he never saw the truck being operated to the left of the center of the highway and no evidence was offered from which such fact could be inferred at the time of the second collision. When he first saw these cars blocking the roadway they were only 20 feet ahead of him, and since he was following the Laub car by some 100 to 150 feet he necessarily drove the intervening distance after hearing the crash and before making the unsuccessful attempt to stop.

It is a well settled rule of law that to entitle a plaintiff to have his cause submitted to a jury it is necessary that he produce some evidence upon every element essential to create liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element. **Sobolovitz v. Lubric Oil Co., 107 Oh St 204.** It is to be noted that Laub was not called as a witness; hence the testimony of Jackson as to the position of his truck at the time of the second collision is not controverted. The second collision might have been caused by Laub driving his car over the left of the center of the road and into the Jackson truck, causing it to overturn. If the cause of an injury to a plaintiff may be as reasonably attributed to an act for which the defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant. **Gedra v. Dallmer, 153 Oh St 258.** Since the cause of the second collision was not established by any proof, no causal connection has been established between the first collision and the plaintiffs' damage. The trial court properly sustained the motions to dismiss.

Finding no error in the record the judgment will be affirmed.

WISEMAN, PJ, HORNBECK, J, concur.