**CROUSE, Plaintiff-Appellant, v. SHEPPARD et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5544.   Decided October 29, 1956.

Charles J. Chastang, Columbus, for plaintiff-appellant.

Ballard, Dresbach, Crabbe & Newlon, Lloyd E. Bilger, of Counsel, Columbus, for defendants-appellees.

(HUNSICKER, PJ, of the Ninth District, FESS and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HUNSICKER, PJ.

The sole question in this appeal on questions of law relates to the propriety of the verdict directed for the defendants at the conclusion of the case in chief in behalf of the plaintiff.

John E. Crouse, the appellant, claims he was injured on June 21,

1952, when he was struck twice by the automobile of George H. Commodore, now deceased. Crouse claimed the automobile he was driving was stopped at a traffic light for the purpose of making a left-hand turn. He said Commodore failed to stop and consequently struck the rear end of the Crouse automobile. While Crouse and Commodore were both standing still almost immediately and apparently nearly simultaneously Sheppard struck the Commodore automobile forcing the Commodore car again into the rear of the car operated by Crouse. As a result of these immediately successive collisions or "double jolts" Crouse says he suffered severe injuries and an aggravation to his back which was made weak as a result of a laminectomy.

At the trial Crouse said he had suffered another similar rear end collision on May 17, 1952, five weeks prior to the collision in the instant case and had also sustained injuries in a head-on collision approximately two and one-half years after the occurrence in the instant case. He testified the May 17, 1952, accident was "same type, not same degree," as that suffered herein.

In the course of cross-examination Crouse said he had filed an almost identical action for the same amount of damages for the identical injuries against the one who had collided with him five weeks prior to June 21, 1952 (the date of the collision in the instant case). Crouse also stated, over objection, that he had settled that prior claim for the sum of $2700.00.

One medical witness testified. This witness was Dr. Kackley who operated on Crouse for the laminectomy and who examined him after the injury said to have been received on May 17, 1952, and also after the claimed injury in the instant case. When Dr. Kackley examined Crouse on May 20, 1952, he said Crouse did not tell him of the collision of May 17. Dr. Kackley also testified that he examined Crouse on June 26, 1952, five days after the instant occurrence and among other things the Doctor said that in his opinion the blow to Crouse's back received on June 21, 1952, did produce the damage to his back which he, the Doctor, discovered in the physical examination made June 26, 1952.

The following questions, among many others, were asked of Dr. Kackley on cross-examination:

"Q. So whether the pain and suffering he is undergoing at the present time is attributable to the accident on the 22nd or 21st of June, 1952, or the 17th of May, 1952, you do not know, do you?

"A. Only what I have in the history here.

"Q. And your history doesn't show does it?

"A. When I re-examined him here in June, 1952, or when I examined him at that time my records stated that after the first accident in May, 1952, he was beginning to show some signs of improvement when he was re-injured approximately ten days prior to this examination dated June 26th, 1952.

"Q. But if what he said in this petition and swore to in September, 1953 as to the injuries he received in May, 1952, are true, isn't it just as reasonable to assume that the injuries he is complaining of now came from that accident as that they came from the one in June, 1952?

"A. Yes."

The trial court granted a motion for directed verdict made shortly after the testimony of Dr. Kackley and entered a judgment dismissing the petition of the plaintiff-appellant Crouse. An appeal to this Court was then perfected.

The rule is well established that if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which the defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant. **Gedra v. Dallmer, 153 Oh St 258; Moore, et al v. Jackson, et al, 69 Abs 329.**

A rule of equal import, however, is stated in **Wilson v. People's Railway Co., 135 Oh St 547, at 551,** where the Court said:

"In passing upon a motion for a directed verdict, based on the ground that the evidence is insufficient to establish a cause of action, a trial court is neither required nor permitted to make a finding of fact, or determine from conflicting statements of witnesses wherein the truth most probably lies. See **Pope, Admx., v. Mudge, 108 Oh St 192, 140 N. E., 501.** On the contrary, in ruling upon the motion, the trial court is required to treat as true all the evidence introduced and all reasonable inferences which a jury might draw therefrom which support the facts essential to the claim of the party against whom the motion is made (**Wells v. Van Nort, 100 Oh St 101, 125 N. E., 910; Hoyer, Admx., v. Lake Shore Electric Ry. Co., 104 Oh St 467, 135 N. E., 627**), and must construe the evidence most strongly in favor of that party. To this end, the trial judge should give the party against whom the motion is made the benefit of all reasonable inferences that can be drawn from the evidence offered. **Bucher v. Plymouth Oil & Gas Co., 107 Oh St 73, 140 N. E., 940; Sobolovitz v. Lubric Oil Co., 107 Oh St 204, 140 N. E., 634.**

"If, after so treating the evidence, the court should find that reasonable minds may reach different conclusions as to any question of fact essential to the claim of the party against whom the motion is made, the motion should be denied and the case submitted to the jury. See **Hamden Lodge v. Ohio Fuel Gas Co., 127 Oh St 469, 189 N. E., 246.**

"If the trial judge finds that there is conflicting testimony in reference to the controlling issues of fact in the case, and some of the questions of fact are of such a character that different minds might reasonably arrive at different conclusions, the trial court is not warranted in directing a verdict. **39 O. Jur., 804, Section 185.**"

See also **Ulrich v. McDonough, 89 Oh Ap 178; Kelley v. Columbus Railway, Power & Light Co., 62 Oh Ap 397.**

Let us then examine the evidence before us to see if a good case is established herein. The testimony of Crouse shows that while his automobile was stationary waiting for a red traffic light to change to green he was struck in the rear because Commodore and Sheppard failed to stop in the assured clear distance ahead. He said he suffered an injury as a result of this "double jolt." His wife who was riding with him said he suffered an injury. It is stipulated that the police officer who appeared at the scene of the accident would testify that Crouse complained to him of back injury but that he refused medical aid suggested by the police officer.

The above is the state of the record at the time Dr. Kackley was called to testify. There was a long cross-examination of Dr. Kackley with reference to the accident of May, 1952, and the suit resulting therefrom in its relation to possible injury as a result of the accident of June 21, 1952.

The statement of Crouse made in his petition filed as a result of May 17, 1952 accident, can not put him in a worse position than if the statements were made orally on the witness stand. The jury were entitled to determine which of two versions or statements made by Crouse were true. This same view must be the rule as to any conflicting statements made by Dr. Kackley.

The rule regarding conflicting statements given in the trial of a case is set out in **Theatre Co. v. Lautermilch, 118 Oh St 167,** where the Court said:

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

We therefore determine in this case that the trial court committed error prejudicial to the substantial rights of the appellant Crouse when that Court granted the motion for a directed verdict herein.

We have examined all other claimed errors and find none prejudicial to the substantial rights of the appellant.

The judgment herein is reversed and the cause remanded to the trial court for further proceedings.

Judgment reversed and remanded.

FESS and DEEDS, JJ, concur.