GUTH ET AL., APPELLANTS, *v.* HURON ROAD HOSPITAL ET AL., APPELLEES.

(No. 52838—Decided December 28, 1987.)

*Frank Leonetti,* for appellants.
*Douglas K. Fifner,* for appellee Huron Road Hospital.
*Susan Reinker,* for appellees Delorise Brown, M.D. and Augusto Juguilon, M.D.
*Steven W. Albert,* for appellee Hareendra G. Adhvaryu, M.D.

JOHN V. CORRIGAN, J. Appellants, Irving and Betty Guth, appeal the trial court's granting of summary judgment in favor of appellees, Delorise Brown, M.D., Augusto Juguilon, M.D., Hareendra G. Adhvaryu, M.D., and Huron Road Hospital as the claimed principal of the doctors-appellees.

Appellants' complaint alleges several claims in negligence for medical malpractice and additional claims in tort for the nonconsensual transfer of Irving Guth to Fairhill Mental Health Center and for the continued administration of certain drugs to Guth despite appellants' demands that the drug therapy be stopped. In a second cause of action, Betty Guth claims damages for the infliction of emotional distress.

On December 11, 1984, the trial court granted the motions for summary judgment of Delorise Brown, M.D. and Augusto Juguilon, M.D., and denied the motions of Huron Road Hospital and Hareendra G. Adhvaryu, M.D. A subsequent motion for summary judgment by Dr. Adhvaryu was granted on June 19, 1986; a second motion for summary judgment by Huron Road Hospital was granted on October

84

1, 1986. Appellants filed a timely notice of appeal.

Appellants bring two assignments of error that will be addressed together:

"1. The court erred in granting defendants' motions for summary judgment.

"2. The judgments of the court are contrary to law."

These assignments of error are well-taken; the granting of summary judgment as to the doctors and Huron Road Hospital must be overruled.

Civ. R. 56(C), which governs summary judgment, provides that "[s]ummary judgment shall be rendered * * * if the pleading, depositions, * * * affidavits * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C) further provides:

"A summary judgment *shall not be rendered unless* it appears from such evidence or stipulation and only therefrom, that *reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made,* such party being entitled to have the evidence or stipulation construed most strongly in his favor." (Emphasis added.)

For medical malpractice claims, expert testimony is necessary to establish *negligence* where the facts to be adduced are beyond a layperson's comprehension. *Bruni* v. *Tatsumi* (1976), 46 Ohio St. 2d 127, 75 O.O. 2d 184, 346 N.E. 2d 673. Likewise, where a movant in a medical malpractice claim supports his motion for summary judgment with expert testimony that demonstrates compliance with the medical community's standard of care, such testimony, "absent any opposing medical expert testimony, establish[es] the standard of care and [the movant's] conformance thereto." *Hoffman* v.

*Davidson* (1987), 31 Ohio St. 3d 60, 62, 31 OBR 165, 167, 508 N.E. 2d 958, 960.

The doctors supported their motions for summary judgment with expert testimony in affidavit form which attests to the doctors' compliance with the standard of care of the medical community. As to appellants' claims in medical matters beyond the layperson's comprehension, it was crucial that appellants provide expert testimony in rebuttal to appellees' motions for summary judgment. See *Hoffman* v. *Davidson, supra.* Since the appellants did not offer such expert testimony, the doctors thereby effectively established, to the satisfaction of the trial court, that Guth had not been given substandard medical treatment. Consequently, summary judgment would have been proper if only claims in medical negligence had been asserted by appellants. This, however, is not the case.

Appellants' complaint is construed to set forth additional claims which need not be established by expert testimony. Consequently, genuine issues of material fact remain. This court has found that, under Civ. R. 56(C), "[o]ne issue will suffice to warrant overruling the motions for summary judgment." *Obral* v. *Fairview General Hospital* (1983), 13 Ohio App. 3d 57, 60, 13 OBR 61, 65, 468 N.E. 2d 141, 145.

Paragraph 7 of the appellants' complaint states:

"[D]uring the time said drugs were being administered to plaintiff, * * * demand was made by [plaintiff and his wife] for the cessation of same, * * * in spite of said demands to cease the administration of said drugs, the defendants, jointly and severally, caused the continuation of the same. * * *"

Paragraph 8 of the complaint then alleges:

"[O]n May 7, 1982, plaintiff was abandoned by the defendants and

removed from Huron Road Hospital to Fairhill Mental Health Center, contrary to instructions of plaintiff and his wife not to do so."

Since Civ. R. 8(F), as explained by the Staff Notes, requires that "pleadings shall be construed liberally in order that the substantive merits of the action may be served," appellants' claims in Paragraphs 7 and 8 of their complaint may be construed as claims in intentional tort, or, more specifically, in battery. See *Leach* v. *Shapiro* (1984), 13 Ohio App. 3d 393, 395, 13 OBR 477, 479, 469 N.E. 2d 1047, 1051 ("A physician who treats a patient without consent commits a battery, even though the procedure is harmless or beneficial. *Lacey* v. *Laird* (1956), 166 Ohio St. 12 [1 O.O. 2d 158].").

In rebutting a motion for summary judgment, the burden of the nonmoving party is to controvert the movant's evidence purporting to show that no genuine issue of material fact supports the nonmoving party's case. *Rayburn* v. *J.C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463, 464, 3 OBR 544, 545, 445 N.E. 2d 1167, 1168. However, the nonmoving party need not present evidence on claimed material issues where the movant in a motion for summary judgment has failed to support his contention that *no* genuine issue of material fact upon which reasonable minds could differ supports the nonmoving party's case. *Id.*; accord *Celotex Corp.* v. *Catrett* (1986), 477 U.S. 317.

In the instant case, the appellees' motions for summary judgment focus upon appellants' negligence claims in medical malpractice. The trial court granted summary judgment in favor of the doctors due to the failure of appellants to offer rebuttal expert testimony to controvert the appellees' expert testimony attesting to their compliance with the standard of care of the medical community.

However, appellants' affidavits opposing the appellees' motions for summary judgment effectively reaffirm appellants' claims in battery, well within the knowledge and comprehension of laypersons, and therefore not requiring expert testimony. See *Bruni* v. *Tatsumi, supra,* at 130, 75 O.O. 2d at 186, 346 N.E. 2d at 676-677; *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272, 10 OBR 386, 461 N.E. 2d 1331, paragraph three of the syllabus ("Professional liability cases depend upon expert evaluation of allegedly *negligent* conduct, unless the standard of care is sufficiently obvious that nonprofessionals can reasonably evaluate the conduct. * * *"). (Emphasis added.) Appellants' claims in battery were subsumed by the trial court under the malpractice claim in negligence and purportedly resolved by the granting of appellees' motions for summary judgment, notwithstanding the fact that genuine issues of material fact remain as to matters essential to appellants' claim.

The trial court's opinion, submitted on its judgment entry granting the motions for summary judgment of Doctors Brown and Juguilon, recognizes the existence of issues of material fact as to appellants' nonconsensual transfer claims: "The plaintiffs argue that said transfer was made without consent, the defendants urge such transfer was consensual." Judgment Entry at 2. The trial court and the appellees' pleadings and affidavits construe both the transfer claim and the continued drug therapy claim as encompassed by the malpractice claims in negligence which the appellants failed to refute with expert testimony.

Since appellants' claims against the doctors include claims construed as battery, where the factual merits of the claims are comprehensible by laypersons, such claims need not be established by expert testimony. Further-

more, the appellees' demonstrated compliance with the standard of care of the medical community is irrelevant as to the merits of such claims. At issue is whether genuine factual questions underlie appellants' claims that appellees continued to impose drug therapy on Irving Guth despite appellants' demands that such therapy be stopped; that Guth was transferred to Fairhill Mental Health Center without appellants' consent; and that the appellants suffered compensable harm as a result of appellees' actions that were allegedly imposed upon Guth without appellants' consent.

In *Leach* v. *Shapiro, supra,* the court recognized that the obligation of a physician to a patient includes not only the duty to exercise due care and skill, but also to obtain the patient's informed consent to a course of medical treatment. *Id.* at 395, 13 OBR at 479, 469 N.E. 2d at 1051-1052. Furthermore, "[w]here the patient is not competent to consent, an authorized person may consent in the patient's behalf." *Id.* at 395, 13 OBR at 480, 469 N.E. 2d at 1052. Whereas the express consent to treat a specific condition "may imply consent to all procedures necessary to achieve that end," such consent does not necessarily include "procedures clearly not contemplated within the original consent." *Id.* However, the existence of consent is a question of fact that merits resolution by the trier of fact. *Wells* v. *Van Nort* (1919), 100 Ohio St. 101, 125 N.E. 910.

In *Leach,* the court also determined that the patient's right to refuse treatment "is absolute until the quality of the competing [state] interests is weighed in a court proceeding. We perceive this right as the logical extension of the consent requirement and conclude that *a patient may recover for battery if his refusal is ignored."* (Emphasis added.) *Leach, supra,* at 395, 13 OBR at 479, 469 N.E. 2d at 1052.

The merits of elements essential to appellants' claims depend upon facts yet to be developed in this case. The appellants' pleadings and affidavits include claims that appellees continued to administer a course of drug therapy to Guth despite appellants' demands that the drugs be stopped; claims that Guth was transferred to Fairhill Mental Health Center without the appellants' consent; and claims for the emotional distress suffered by Betty Guth due to the aforementioned treatment of her husband.

Civ. R. 56(C) requires that summary judgment be denied unless the evidentiary materials demonstrate that there is no genuine issue of material fact. Without recourse to expert testimony, the appellants' pleadings and affidavits effectively raise genuine factual questions that are comprehensible to laypersons and essential to appellants' case. Notwithstanding appellants' failure to rebut with expert testimony, these issues are not appropriately resolved through the granting of appellees' motions for summary judgment due to appellees' demonstrated compliance with the medical community's standard of care. Consequently, appellants' claims warrant resolution on the merits by the trial court.

Accordingly, the trial court's granting of summary judgment as to Delorise Brown, M.D., Augusto Juguilon, M.D., Hareendra G. Adhvaryu, M.D., and Huron Road Hospital, by virtue of its unresolved principal status, is reversed and the cause is remanded for further consideration.

*Judgment reversed*
*and cause remanded.*

PATTON, J., concurs.

NAHRA, C.J., concurs in part and dissents in part.

NAHRA, C.J., concurring in part and dissenting in part. I concur with the majority opinion that, based upon the submitted evidentiary material, there is an issue of fact as to whether Betty Guth consented to having her husband transferred from Huron Road Hospital to Fairhill Mental Health Center and whether drugs were administered after consent had been withdrawn.

I dissent, however, from the majority opinion since I believe that summary judgment was properly granted on appellants' remaining claims of medical malpractice. Expert testimony is necessary to establish negligence where the facts to be adduced are beyond a layperson's comprehension. *Bruni* v. *Tatsumi* (1976), 46 Ohio St. 2d 127, 129-132, 75 O.O. 2d 184, 185-187, 346 N.E. 2d 673, 676-678. When the defendants in a medical malpractice action move for summary judgment and support their motions with expert testimony stating that the care and treatment rendered the patient was not substandard, the burden shifts to the nonmoving party to provide expert rebuttal testimony in support of his or her claims to establish issues of fact for trial. *Rice* v. *Huron Road Hosp.* (Jan. 31, 1985), Cuyahoga App. No. 48425, unreported; *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272, 10 OBR 386, 461 N.E. 2d 1331.

In this case, appellants alleged substandard care and treatment and the negligent failure to diagnose Alzheimer's disease. These allegations go beyond the knowledge of a nonprofessional and thus require expert testimony to establish them. The doctors supported their summary judgment motions with expert medical testimony demonstrating that the diagnosis, care and treatment rendered Irving Guth were not negligent or substandard. Appellants failed to provide the necessary expert testimony to rebut the evidence submitted by the doctors in order to create an issue of fact for trial. The trial court, therefore, did not err in granting summary judgment in favor of the doctors-appellees on the medical malpractice issues. Nor do I believe that the court erred in granting summary judgment in favor of Huron Road Hospital.[1] After the medical malpractice claims against the doctors were resolved in favor of the doctors, any claims of vicarious liability against the hospital for medical malpractice were thereby rendered moot.

For these reasons I would affirm the judgment of the trial court in favor of appellees with respect to the claims of medical malpractice and reverse and remand on the remaining issues only.

---

[1] Huron Road Hospital has assigned error in this case, but this court is without jurisdiction to address the assigned error since the hospital did not cross-appeal in this case.