[Cite as *Israfil v. Warren Corr. Inst.*, 2011-Ohio-5719.]



Court of Claims of Ohio
The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MUMIN ISRAFIL, :     Case No. 2010-11633-AD

    Plaintiff,

v. :

WARREN CORRECTIONAL INSTITUTION, :     Acting Clerk Daniel R. Borchert

    Defendant.


MEMORANDUM DECISION

{¶ 1}   Plaintiff, Mumin Israfil, an inmate formerly incarcerated at defendant's Warren Correctional Institution ("WCI"), alleges that on September 25, 2009, he was "denied access to medical care for treatment at a pain management clinic appointment" in that defendant refused to transport plaintiff via wheelchair. Plaintiff asserts that there is documentation in his medical file establishing his need for wheelchair assistance due to chronic neck and back pain. Plaintiff claims that the refusal of defendant's staff to provide wheelchair assistance, "caused the plaintiff to miss scheduled appointment" and to suffer prolonged pain and mental anguish. Therefore, plaintiff filed this complaint on November 4, 2010, seeking to recover $2,500.00. Payment of the filing fee was waived.

{¶ 2}   Defendant denies liability and contends that plaintiff has failed to prove defendant acted negligently in denying him transport via wheelchair. According to defendant, plaintiff "has a long history of exaggerating symptoms and making claims for which no objective evidence could be found." Defendant references the March 7, 2011 opinion offered by Dr. Gary

Krisher, Chief Medical Officer at Ross Correctional Institute, who states that after examining plaintiff on several occasions and reviewing recent test results, "I do not believe that there is any medical reason for this patient to not be able to ambulate." Indeed, Krisher notes that on September 17, 2009, defendant's mental health staff suspect that plaintiff's "behaviors are a function of malingering. He appears to be feigning severe physical illness for secondary gain."

{¶ 3} On May 25, 2011, plaintiff was granted a 45-day extension of time to file a response to defendant's investigation report. To date, plaintiff has not filed a response.

{¶ 4} To establish a claim of medical malpractice, plaintiff "must show the existence of a standard of care within the medical community, breach of that standard of care by the defendant, and proximate cause between the medical negligence and the injury sustained." *Taylor v. McCullough-Hyde Mem. Hosp.* (1996), 116 Ohio App. 3d 595, 599, 688 N.E. 2d 1078; citing *Bruni v. Tatsumi* (1976), 46 Ohio St. 2d 127, 75 O.O. 2d 184, 346 N.E. 2d 673. These elements must be established by expert testimony unless the negligent conduct "is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it." *Bruni*, at 130.

{¶ 5} The exception to that rule is "in cases where the nature of the case is such that the lack of skill or care of the physician and surgeon is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it * * *." *Bruni* at 130. However, the exception is limited in scope and "[r]elatively few courts in Ohio have found the common knowledge exception applicable so as to obviate the need for expert witness testimony on the malpractice issue." *Buerger v. Ohio Dept. of Rehab. & Corr.* (1989), 64 Ohio App. 3d 394, 399, 581 N.E. 2d 1114.

{¶ 6} Plaintiff's allegation of medical negligence concerns whether the decision by defendant's staff to deny access to a wheelchair had any effect on plaintiff's ability to receive

medical care. The court finds that this allegation pertains to matters that are not within the common knowledge and experience of laymen. Rather, plaintiff's allegation concerns the professional skill and judgment used by the medical professionals who examined him and found that there is no medical reason for plaintiff to be transported via wheelchair. Therefore, expert testimony is required both to establish the requisite standard of care and to show that defendant's employees deviated from that standard of care.

{¶ 7} *In Buerger*, the Tenth District Court of Appeals found the *Bruni v. Tatsumi* standard applicable to a claim of medical malpractice brought by a prisoner. When a plaintiff is alleging substandard medical treatment, expert medical opinion must be provided to establish a prima facie case. Plaintiff may not simply rest upon allegations of medical negligence as stated in his complaint. See *Saunders v. Cardiology Consultants, Inc.* (1990), 66 Ohio App. 3d 418, 420, 584 N.E. 2d 809; *Hoffman v. Davidson* (1987), 31 Ohio St. 3d 60, 61, 31 OBR 165, 508 N.E. 2d 958; *Guth v. Huron Road Hospital* (1987), 43 Ohio App. 3d 83, 84, 539 N.E. 2d 670. In the present claim, plaintiff has failed to produce expert medical opinion regarding the issue of denied access to a wheelchair and any adverse medical effect such denied access would present. Since plaintiff failed to offer required testimony any claim based on professional negligence is denied.

{¶ 8} To the extent that plaintiff also asserts a claim of general negligence based upon defendant's alleged failure to provide him access to medical care, the court notes that "[p]risoners are entitled to adequate medical care, but they are not entitled to 'every amenity which some person may think is needed to avoid mental, physical and emotional deterioration.'" *Gumpl v. Wilkinson, et al.* (Aug. 31, 1994), Lorain App. No. 94CA005858, citing *Newman v. Alabama* (C.A. 5, 1977), 559 F. 2d 283, 291. For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached

that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Although strict rules of evidence do not apply in administrative determinations, plaintiff must prove his case by a preponderance of the evidence. *Underwood v. Dept. of Rehabilitation and Correction* (1985), 84-04053-AD. Under the facts of the instant claim, the court concludes plaintiff has failed to prove he suffered personal injury as a result of any negligent act or omission on the part of defendant's personnel.



Court of Claims of Ohio
The Ohio Judicial Center
65 South Front Street, Third Floor

MUMIN ISRAFIL,                                :        Case No. 2010-11633-AD

    Plaintiff,

    v.                                        :

WARREN CORRECTIONAL INSTITUTION,        :        Acting Clerk Daniel R. Borchert

    Defendant.

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                   _____
                                   DANIEL R. BORCHERT
                                   Acting Clerk

Entry cc:

Mumin Israfil, #289-920                          Gregory C. Trout, Chief Counsel

Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

7/20
Filed 7/27/11
Sent to S.C. reporter 11/4/11