[Cite as *Groves v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-1106.]

| EUGENE GROVES | Case No. 2015-00309-AD |
| --- | --- |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | |
| | MEMORANDUM DECISION |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

### FINDINGS OF FACT

{¶1} Plaintiff, Eugene Groves, an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff asserted he was forced to use "un-sanitary (sic) nail clippers that's provided by the administration that at lease (sic) 80 other inmates has to share…" Plaintiff argued as a result of having to use these nail clippers the toes on his left foot became infected, blood under his toe nails and fungus. Plaintiff contended a doctor working for ODRC stated "so what you want me to do" when confronted with plaintiff's infected toes.

{¶2} Furthermore, plaintiff alleges ODRC's policy of not allowing him to purchase nail clippers because he is housed in 4B is discriminatory. No inmates are allowed to purchase nail clippers who are housed in this unit.

{¶3} Plaintiff provided this court with the case of *W.J. Estelle, Jr. v. J.W. Gamble*; 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976), which plaintiff asserted supported his contentions. However, this case interprets the Eighth Amendment of the United States Constitution and 42 U.S.C. 1983, causes of action which are not actionable in this court. Accordingly, this case will not be taken into consideration.

{¶4} Plaintiff filed a motion for default judgment based on defendant's failure to timely file the investigation report.

{¶5} Defendant submitted the investigation report denying liability in this matter. Defendant contended that the nail clippers in question were stored in a plastic container

with a lid and were replaced every 60 days.  Defendant also asserted that "[P]laintiff has been seen over fifty (50) times in medical for a physical and never complained about his feet.  Plaintiff was also advised to sign up for sick call if he was having issues, but failed to do so.  Plaintiff has not provided sufficient evidence to validate his claim that he received a toenail infection from the clippers."

{¶6} Plaintiff filed another motion for default judgment again asserting defendant did not timely submit the investigation report.

{¶7} Plaintiff submitted a response to the defendant's investigation report.  He stated he did go to sick call on March 10, 2015.  He stated based on this visit the doctor recommended he see a foot doctor, which plaintiff contends he did see on April 15th.  Plaintiff contended that the policy at defendant's Southern Ohio Correctional Facility ("S.O.C.F.") should be similar to the policy at defendant's Ohio State Penitentiary where inmates are allowed to purchase nail clippers and then they are held by staff between uses.  Finally, plaintiff reiterated the arguments he made in his complaint.

{¶8} Plaintiff submitted a letter from an inmate incarcerated at S.O.C.F. who asserted the policy toward nail clippers had not changed.

CONCLUSIONS OF LAW

{¶9} Civ.R. 55(D) in pertinent part states:

a) "No judgment by default shall be entered against this state...or agency...unless the claimant establishes his claim...by evidence satisfactory to the court."

{¶10} A default judgment against the state may not be granted solely on procedural errors made by the defendant.  Upon review, plaintiff's motions for default judgment are DENIED.  *Chasteen v. Dayton Correctional Institution*, 2011-01721-AD, aff'd jud (2011).

{¶11} The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined***in accordance with the same rules of law applicable to suits between private parties***means that

the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State,* 14 Ohio St.3d 68, 70, 471 N.E.2d 776 (1984); see also *Von Hoene v. State*, 20 Ohio App.3d 363, 364, 486 N.E.2d 868 (1st Dist. 1985). "Prison administrations are provided 'wide ranging' deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institution security." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed.2d 447 (1979). Accordingly, plaintiff has not stated a cause of action based upon ODRC decision to place restrictions upon the purchase nail clippers by inmates in certain security levels.

{¶12} Conditions of confinement have been held to be violations of Title 42 U.S.C. 1983. See *Cotton v. Ohio Department of Rehabilitation and Correction*, 10th Dist. No. 13AP-935, 2014-Ohio-2619; *Guillory v. Ohio Department of Rehabilitation and Correction*, 10th Dist. No. 07AP-861, 07AP-928, 2008-Ohio-2299.

{¶13} It is "well established that the Court of Claims lacks subject matter jurisdiction over alleged violations of constitutional rights and claims arising under 42 U.S.C. 1983." *Guillory* at ¶12; *Bleicher v. Univ. of Cincinnati College of Med.* 78 Ohio App.3d 302, 308, 604 N.E.2d 783 (10th Dist. 1992).

{¶14} To establish a claim of medical malpractice, plaintiff "must show the existence of a standard of care within the medical community, breach of that standard of care by the defendant, and proximate cause between the medical negligence and the injury sustained." *Taylor v. McCullough-Hyde Mem. Hosp.*, 116 Ohio App.3d 595, 599, 688 N.E.2d 1078 (12th Dist. 1996); citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 131-132, 346 N.E.2d 673 (1976).

{¶15} The exception to that rule is "in cases where the nature of the case is such that the lack of skill or care of the physician and surgeon is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it ***." *Bruni* at 130. However, the exception is limited in scope and "[r]elatively few courts in Ohio have found the common knowledge exception applicable so as to obviate the need for expert witness testimony on the malpractice issue." *Buerger v. Ohio Dept. of Rehab. & Corr.*, 64 Ohio App.3d 394, 399, 581 N.E.2d 1114 (10th Dist. 1989). Plaintiff's allegation that his toe infection was the result of unsanitary nail clippers is not the type for which this exception would apply.

{¶16} In *Buerger*, the Tenth District Court of Appeals found the *Bruni v. Tatsumi* standard applicable to a claim of medical malpractice brought by a prisoner. When a plaintiff is alleging substandard medical treatment, expert medical opinion must be provided to establish a prima facie case. Plaintiff may not simply rest upon allegations of medical negligence as stated in his complaint. See *Saunders v. Cardiology Consultants, Inc.*, 66 Ohio App.3d 418, 420, 584 N.E.2d 809 (1st Dist. 1990); *Hoffman v. Davidson*, 31 Ohio St.3d 60, 61, 508 N.E.2d 958 (1987); *Guth v. Huron Road Hospital*, 43 Ohio App.3d 83, 84, 539 N.E.2d 670 (8th Dist. 1987). In the present claim, plaintiff has failed to produce expert medical opinion regarding his allegation that he suffers a toe infection as the result of using nail clippers. The court has only his personal testimony to prove such a contention. Neither the plaintiff's testimony, nor the affidavits of other inmates, provides sufficient evidence from which this court can determine plaintiff did in fact suffer an infection from nail clippers.

{¶17} "In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue." *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82, 118 N.E.2d 147 (1954), paragraph six of the syllabus.

{¶18} Plaintiff failed to prove, by a preponderance of the evidence, that his toe nail infection was caused by the use of communal nail clippers.  Accordingly, plaintiff's claim is DENIED.

| | |
|---|---|
| EUGENE GROVES | Case No. 2015-00309-AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | ENTRY OF ADMINISTRATIVE DETERMINATION |
| Defendant | |

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Eugene Groves, #144-869           Stephen Gray, Chief Counsel
2001 East Central Ave             Ohio Dept. of Rehabilitation and Correction
Toledo, Ohio 43608-0001           770 West Broad Street
                                  Columbus, Ohio 43222

Filed 2/18/16
Sent to S.C. Reporter 3/18/16