TAYLOR et al., Appellants,

v.

McCULLOUGH–HYDE MEMORIAL HOSPITAL et al., Appellees.

[Cite as *Taylor v. McCullough–Hyde Mem. Hosp.* (1996), 116 Ohio App.3d 595.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–02–032.

Decided Dec. 9, 1996.

596

*F. Harrison Green,* for appellants.

*Michael A. Fulton,* for appellee McCullough–Hyde Memorial Hospital.

*Roetzel & Andress* and *Ann Ruley Combs,* for appellee Eugene P. Durbin, M.D.

*Scheper & McGowan* and *James H. Scheper,* for appellee Terry Hunt, M.D.

POWELL, Judge.

This is an appeal from a grant of summary judgment entered by the Butler County Court of Common Pleas in favor of defendants-appellees, Terry G. Hunt, M.D., and Eugene Durbin, M.D., concerning the medical malpractice complaint of plaintiffs-appellants, Theresa and Kenneth Taylor. The judgment is affirmed as modified.

On March 9, 1992, Theresa Taylor ("Taylor") was admitted to the emergency room of McCullough–Hyde Memorial Hospital in Oxford, Ohio after complaining of chest pains and was subsequently discharged. On March 10, 1992, Taylor saw Hunt for further testing and returned home.

Later that same day, Taylor returned to the emergency room of McCullough–Hyde with complaints of acute abdominal pain. During this visit, Taylor was treated by Durbin, who discharged her after reviewing the results of several tests. On March 11, 1992, Hunt admitted Taylor to the intensive care unit at McCullough–Hyde. On March 12, 1992, Taylor was transferred to Christ Hospital in Cincinnati, where she underwent surgery to correct a hemorrhaging aneurysm in her lower abdomen.

On July 9, 1993, appellants filed a medical malpractice action against Hunt and Durbin arising out of the alleged negligent care and treatment of Taylor. The complaint alleged that Hunt and Durbin's failure to diagnose Taylor's condition proximately resulted in harm to appellants.

Following the deposition of appellants' expert, Michael H. LeWitt, M.D., Hunt and Durbin filed separate motions for summary judgment on the ground that appellants had failed to present any evidence that would support a finding that the alleged negligence of Hunt and Durbin proximately caused Taylor any harm. On September 14, 1995, the trial court granted the motions for summary judgment.

On December 15, 1995, the trial court awarded costs incurred in attending LeWitt's deposition in Pennsylvania in favor of Hunt. On timely appeal of the trial court's judgments, appellants set forth the following assignments of error:

Assignment of Error No. 1:

"The trial court committed reversible error in granting the defendants, Dr. Eugene Durbin and Dr. Terry Hunt, summary judgment in the issue of damages because specific items of damages were presented by expert testimony and kept from a jury deliberation as to their sufficiency."

Assignment of Error No. 2:

"The trial court committed reversible error in granting the defendant, Dr. Terry Hunt, assessing costs and ordering costs, fees and expenses in the sum of $2,899.30."

In their first assignment of error, appellants assert that the trial court erred in granting summary judgment to appellees on the issue of damages because, appellants claim, they presented expert testimony that established damages with reasonable probability. This argument is misplaced, however, since the trial court was never required to reach the issue of damages in granting summary

judgment. The trial court concluded that appellants failed to produce sufficient evidence that appellees deviated from accepted standards of medical care and that the deviation, if any, was the proximate cause of appellants' alleged harm. Thus, we address appellants' first assignment of error in accordance with the trial court's decision.

Pursuant to Civ.R. 56(C), summary judgment is appropriately rendered when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

In order to establish a cognizable claim of medical malpractice, a plaintiff must show the existence of a standard of care within the medical community, breach of that standard of care by the defendant, and proximate cause between the medical negligence and the injury sustained. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131–132, 75 O.O.2d 184, 186–187, 346 N.E.2d 673, 677–678. In addressing the issue of proximate cause, the Ohio Supreme Court has stated that a "plaintiff in a malpractice case must prove that defendant's negligence, in probability, proximately caused the death." (Emphasis deleted.) *Cooper v. Sisters of Charity of Cincinnati, Inc.* (1971), 27 Ohio St.2d 242, 252, 56 O.O.2d 146, 151, 272 N.E.2d 97, 103. Furthermore, it is well settled in medical malpractice cases that expert medical testimony is necessary to establish the causal connection between the negligence and the injury whenever the relationship is beyond the common knowledge and understanding of the jury. *Darnell v. Eastman* (1970), 23 Ohio St.2d 13, 17, 52 O.O.2d 76, 78, 261 N.E.2d 114, 116–117.

In the instant case, the record discloses that LeWitt was the appellants' sole expert witness. When testifying in his deposition of June 19, 1995, LeWitt stated that he had no opinion regarding the care provided to Theresa Taylor, or as to any causal connection between that care and any resulting harm. LeWitt further testified that he was unable to state with reasonable medical probability whether the outcome would have been any different had Theresa Taylor been hospitalized sooner.

The record reveals that appellants failed to present sufficient evidence that Hunt and Durbin deviated from the standard of care or that any such deviation proximately caused any legally recognized injury to appellants. Thus, we con-

clude that the trial court did not err in granting summary judgment in favor of Hunt and Durbin. Appellants' first assignment of error is overruled.

In their second assignment of error, appellants contend that the trial court erred in assessing certain costs and expenses incurred by Hunt associated with LeWitt's deposition. The costs and expenses that the trial court ordered included attorney fees and court reporter deposition expenses, as well as air fare, car rental, parking fees, mileage, and meal allowances incurred by Hunt's counsel in traveling to Pennsylvania for the deposition.

Both an assessment of costs and an award of attorney fees are within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *Howard v. Wills* (1991), 77 Ohio App.3d 133, 137, 601 N.E.2d 515, 517–518; *Drake v. Menczer* (1980), 67 Ohio App.2d 122, 125, 21 O.O.3d 429, 431, 425 N.E.2d 961, 963–964. An abuse of discretion implies that a court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

The general rule in Ohio is that a prevailing party may not recover attorney fees as part of the costs of litigation in the absence of statutory authorization. *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528–529. An exception to this general rule permits an award of attorney fees when the party against whom the fees are taxed is found to have acted in bad faith. *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 369, 21 O.O.3d 228, 232–233, 423 N.E.2d 1099, 1103–1104.

In the case at bar, the trial court determined that the attorney fees ordered could have been avoided if appellants had told Hunt that LeWitt had no opinion regarding Hunt's actions. Thus, the trial court found that an award of attorney fees incurred by Hunt to have his counsel attend LeWitt's deposition was warranted under a bad-faith theory. After reviewing the record, we find that the trial court did not abuse its discretion in awarding attorney fees.

We next address appellants' contention that the trial court abused its discretion in awarding deposition expenses as costs. Civ.R. 54(D) states:

"(D) Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

To be taxable as a cost under Civ.R. 54(D), an expense must be grounded in statute. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156, citing *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599,

607, 60 O.O. 531, 535, 138 N.E.2d 660, 666. "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment." *Vance,* 64 Ohio St.3d at 555, 597 N.E.2d at 156, quoting *State ex rel. Commrs. of Franklin Cty. v. Guilbert* (1907), 77 Ohio St. 333, 338–339, 83 N.E. 80, 80–81.

The statutory basis for taxing the expense of the services of a court reporter at a deposition and the production of a transcript as a cost under Civ.R. 54(D) is R.C. 2319.27. *In re Election of Nov. 6, 1990 for the Office of Attorney Gen. of Ohio* (1991), 62 Ohio St.3d 1, 4, 577 N.E.2d 343, 345–346. No statutory authority exists for the reimbursement of travel expenses. Accordingly, we conclude that the court reporter services and resulting transcript fee connected with LeWitt's deposition may be taxed as costs under Civ.R. 54(D). However, we find that the trial court abused its discretion in ordering an assessment of Hunt's travel expenses against appellants.

Appellants' second assignment of error is therefore overruled with respect to the award of attorney fees and court reporter deposition expenses. We sustain the appellants' second assignment of error only insofar as it pertains to the award of travel expenses, including air fare, car rental, parking, mileage, and meal allowance. Therefore, based on the record, we modify the trial court's order assessing costs, fees, and expenses against appellants by reducing the amount awarded to $2,053.15.

The judgment is affirmed as modified.

*Judgment accordingly.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.