OPINION
Defendant-appellant Allstate Insurance Company appeals from the February 17, 1999 Order of the Richland County Court of Common Pleas ordering that defendant-appellant Allstate Insurance Company pay the sum of $3,365.38 to plaintiff-appellee David Renner for litigation costs.
 STATEMENT OF THE FACTS AND CASE
On or about October 2, 1995, appellee David Renner's motor vehicle was struck by a motor vehicle operated by Todd Groscost. Appellee filed a complaint against Groscost in the Richland County Court of Common Pleas on June 2, 1997. An amended complaint adding appellant Allstate Insurance Company, appellee's insurer, as a defendant was filed by appellee with leave of court on October 1, 1997. A separate answer was timely filed by appellant Allstate on November 25, 1997. Thereafter, appellant Allstate took the deposition of appellee David Renner upon cross examination in preparation for trial on July 16, 1998. Appellee, on October 28, 1998, took the discovery deposition of Charles E. Duvall, D.C., appellant's expert witness. The deposition was taken at Dr. Duvall's office in Akron, Ohio. The discovery deposition of Gerald S. Steiman, M.D., another defense witness, was taken by appellee on November 18, 1998 at Dr. Steiman's office in Columbus, Ohio. The trial deposition of Ted Sazdanoff, D.C., appellee's expert witness, was deposed by appellee on November 19, 1998 in preparation for appellee's case at trial. Following a jury trial in November of 1998, the jury returned with a verdict awarding appellee damages against appellant in the amount of $9,200.00. A Judgment Entry memorializing the verdict was filed on December 11, 1998. Thereafter, a Motion to Recover Prejudgment Interest and Litigation Costs was filed by appellee twelve days later. Appellee, in his motion, specifically requested the following litigation costs:
 1. Service of subpoena on Dr. Duvall for discovery deposition $ 75.50
 2. Dr. Duvall's expert witness fee for discovery deposition $600.00
3. Original transcript of Dr. Duvall
 Expedited delivery $241.45 Attendance of reporter $ 45.00 UPS delivery $ 12.00
Total $298.45
 4. Travel expense to take Dr. Duvall's deposition (~ day) $300.00
5. Copy of appellee's deposition $ 50.00
6. Dr. Steiman's video deposition costs
 Attendance of reporter $ 33.33 One copy $179.01 Binding delivery $ 30.00
Total $242.34
7. Dr. Steiman's deposition fee $250.00
8. Attorney expenses for Dr. Steiman's deposition
 Hotel bill $ 68.29 Food $ 25.00 1 day travel time $600.00
9. Dr. Sazdanoff's video deposition costs
 Attendance of court reporter $ 37.50 Original deposition of Dr. Sazdanoff (overnight expedited filed) $227.95 Copy of deposition $ 18.85 P.O. express $ 15.00
Total $299.30
 10. Videographer's costs for Dr. Steiman's video taped deposition $234.00
 Filing, safety copy, storage 
incidentals $ 72.50
Total $306.50
11. Dr. Sazdanoff fee for deposition $250.00
Grand Total $3,365.38
A memorandum in opposition was filed by appellant Allstate on January 11, 1999. Pursuant to an Order filed on February 17, 1999, the trial court ordered that appellant Allstate pay appellee the sum of $3,365.38 for litigation costs as requested by appellee and the sum of $3,092.71 as prejudgment interest. A Satisfaction of Judgment was filed by appellee on March 10, 1999. It is from the February 17, 1999, Order that appellant prosecutes its appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE COUNSEL'S TRAVEL EXPENSES FOR THE DEPOSITIONS OF DR. STEIMAN AND DR. DUVALL AND PLAINTIFF-APPELLEE COUNSEL'S MEAL AND HOTEL EXPENSES FOR DR. STEIMAN'S DEPOSITION.
 II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S EXPERT WITNESS FEES.
 III. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF-APPELLEE'S DEPOSITION COSTS AND VIDEO DEPOSITION EXPENSES.
No transcript of the proceedings has been filed.
 I
Appellant, in its first assignment of error, maintains the trial court erred in awarding appellee's counsel the travel expenses that he incurred in taking the depositions of Dr. Steiman and Dr. Duvall and meal and hotel expenses that he incurred in taking Dr. Steiman's deposition. Both Dr. Duvall and Dr. Steiman were appellant's expert witnesses. Dr. Duvall, however, was never called by appellant to testify at trial. The trial court specifically awarded appellee the following costs:
 (1) $300.00 as reimbursement for travel expenses to take Dr. Duvall's deposition in Akron,
 (2) $600.00 as reimbursement for travel expenses to take the deposition of Dr. Steiman in Columbus
 (3) $25.00 as reimbursement for food expenses incurred in taking Dr. Steiman's deposition and
 (4) $68.29 as reimbursement for hotel bill expenses incurred in taking Dr. Steiman's deposition.
Appellee, in his motion requesting costs, had argued that he was entitled to the above expenses since "[b]oth experts refused to be deposed in Richland County, necessitating expenses of traveling to Columbus, Ohio and Akron, Ohio." The Ohio Supreme Court, in Williamson v. Ameritech Corp. stated as follows with respect to the allowance of costs in a civil case:
 Civ.R. 54(D) provides the general rule allowing costs to the prevailing party in a civil case unless the court otherwise directs. The categories of litigation expenses comprising "costs" are, however, limited. Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925.
"Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment.: (Emphasis added). Benda v. Fana (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus. "The subject of costs is one entirely of statutory allowance and control." State ex rel. Michaels v. Morse (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535,138 N.E.2d 660, 666, reaffirmed in Vance v. Roedersheimer (1992),64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156.
Williamson v. Ameritech Corp. (1998), 81 Ohio St.3d 342, 343-344. The assessment of costs is within the discretion of the trial court and will not be reversed absent an abuse of discretion. Taylor v. McCullough-Hyde Memorial Hosp. (1996), 116 Ohio App.3d 595. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. No statutory authority exists for the reimbursement of travel expenses. Taylor supra. See also Vassil v. Able Fence Guard Rail, Inc. (1992), 81 Ohio App.3d 533. In Taylor, the Court of Appeals held that plaintiff's counsel was not entitled to his travel expenses, including meal allowances, airfare, car rental, parking fees, mileage incurred in traveling to Pennsylvania for a deposition. Based on the forgoing, we find that the trial court abused its discretion in granting appellee the travel, meal and hotel expenses, totaling $993.29 that his counsel incurred in deposing Dr. Steiman and Dr. Duvall. As appellant correctly notes, there is no statutory authority for any of the above travel expenses incurred by appellee's counsel in connection with depositions to be assessed as costs against appellant under Civ.R. 54(D). Appellant first assignment of error is sustained.
 II
Appellant, in its second assignment of error, contends that the trial court erred in granting appellee's expert witness fees for Dr. Duvall's discovery deposition ($600.00), Dr. Steiman's deposition ($250.00) and Dr. Sazdanoff's deposition ($250.00). Whereas both Dr. Steiman and Dr. Duvall were appellant's expert witnesses, Dr. Sazdanoff was appellee's expert witness. Absent statutory authority, expert witness and/or appearance fees are not taxable as costs. See State, ex rel. Williams v. Colasurd (1995),71 Ohio St.3d 642, Coleman v. Jagniszcak (1995), 104 Ohio App.3d 413
and Moore v. Gen. Motors Corp. (1985), 18 Ohio St.3d 259. Since there is no statutory authority for the taxing of expert witness fees totaling $1,100.00 as costs in this matter, the trial court abused its discretion in taxing the same. Appellant's second assignment of error is sustained.
 III
In his third assignment of error, appellant challenges the trial court's award of deposition costs and video deposition expenses to appellee. Appellant, in his memorandum in opposition to appellee's motion for costs, which was filed in the trial court, specifically argued that the following expenses were not taxable as costs under Civ.R. 54(D).
 1. Service of subpoena on Dr. Duvall for discovery deposition $75.50
 2. Deposition costs for Dr. Duvall's deposition $298.45
3. Copy of Dr. Steiman's videotaped deposition $179.01
 4. Copy of Dr. Sazdanoff's deposition (overnight expedited — filed) $227.95
 5. Filing, safety copy, storage incidentals in the video deposition fee of Dr. Sazdanoff $72.50
6. Copy of deposition of appellee David A. Renner $50.00
The trial court however, in its February 17, 1999 order, ordered that such expenses be taxed as costs. As is stated above, appellee requested that the expenses incurred in taking Dr. Duvall's deposition be taxed as costs. of the $298.45 total deposition expenses, $241.45 was for expedited delivery of Dr. Duvall's deposition, $45.00 was for the attendance of a court reporter and $12.00 was for UPS delivery. Dr. Duvall's testimony was not used at trial by either appellant or appellee. There is no statutory basis for taxing the services of a court reporter at a deposition or the charges for expedited transcripts as costs under Civ.R. 54(D). See Williamson, supra. and Coleman, supra. Nor is there statutory authority for taxation of deposition expenses generally as costs. See Carr v. Lunney (1995), 104 Ohio App.3d 139. The above deposition costs totaling $298.45, therefore, should not have been taxed as costs by the trial court since there is no statutory authority for the same. The trial court also taxed as a cost the $75.50 for the service of a subpoena on Dr. Duvall for his discovery deposition. The subpoena was served by a litigation support company. There is no statutory authority for the assessment of the expenses of serving deposition subpoenas for depositions not used at trial as litigation costs. See Amerifirst Savings Bank of Xenia v. Krug (Dec. 10, 1999), Montgomery App. Nos. 17345, 17349, unreported. "In fact, it has been held that `the expense of a deposition that was not used by either party at trial must be borne by the party taking that deposition.'" Id, at 48, citing Barrett v. Singer Co. (1979), 60 Ohio St.2d 7, 8-9. The trial court, therefore, abused its discretion in taxing the $75.50 for the service of the subpoena on Dr. Duvall as a cost. Appellant also challenges the trial court's assessment of the $179.01 for a copy of Dr. Steiman's videotaped deposition and $227.95 to overnight an expedited original deposition of Dr. Sazdanoff to appellee's counsel as costs. Whereas Dr. Steiman was appellant's expert, Dr. Sazdanoff was appellee's expert. Sup. R. 13(D)(4), provides that "[t]he expense of a copy of the videotape recording . . . shall be borne by the party requesting the copy." The trial court, thereafter, abused its discretion in taxing the $179.01 for appellee's copy of Dr. Steiman's videotape deposition as a cost. The trial court also erred in assessing the $227.95 cost of Dr. Sazdanoff's expedited deposition transcript as a cost since, pursuant to Coleman, supra, charges for expedited transcripts of video depositions of expert witnesses are not taxable as costs. See, C.P. Sup. R. 12(D)(1)(f). In addition, we find no statutory authority for the $72.50, that represents the costs for the filing, the making of a safety copy, storage and incidentals relating to the videotape deposition of Dr. Sazdanoff, to be taxed as costs. The $50.00 cost for a copy of appellee's own deposition transcript was also taxed as a cost by the trial court. Since such copy was not utilized at trial and since there is no statutory authorization for taxing of the same as costs, the $50.00 fee was not properly taxable as a cost by the trial court. Based on the foregoing, appellant's third assignment of error is sustained.
The judgment of the Richland County Court of Common Pleas regarding costs is reversed and we enter Judgment in favor of the appellee for costs in the trial court proceeding in the amount of $368.68.
By: EDWARDS, J. GWIN, P.J. and HOFFMAN, J., concurs.