OPINION
Plaintiff-appellant, Jeffrey Schmidt, appeals a decision of the Clermont County Court of Common Pleas granting summary judgment to defendant-appellee, Rhonda Schmidt. We affirm the decision of the trial court.
Appellant and appellee were husband and wife. In May 1996, the parties separated and appellant moved out of the marital residence. After moving out, appellant arrived at the marital residence late one evening and gained entry with his key. An altercation occurred between appellant and appellee. Appellee filed domestic violence charges against appellant and received a temporary protection order.
Appellant was indicted on a charge of domestic violence. A jury acquitted appellant of the charge in February 1997. Appellant then sued appellee for malicious prosecution. Appellee asserted a counterclaim against appellant alleging assault, battery and property damage. The trial court granted summary judgment to appellee on appellant's complaint for malicious prosecution.
In her counterclaim, appellee asserted that appellant broke into the master bedroom when he discovered that she had locked herself inside the bedroom. According to appellee, appellant grabbed a telephone she we using and threw it against the wall. Appellant then allegedly tore appellee's nightshirt from her and pushed her against a wall. Appellee also claimed appellant disabled her vehicle by ripping out the spark plug wires.
Appellee served appellant separately with two requests for admission pursuant to Civ.R. 36. Appellant did not respond to either request for admission. The trial court found that appellant's failure to answer the requests for admission conclusively established the matters sought to be admitted. As a result, appellant admitted to the following facts: 1) $132.50 is a fair and reasonable amount to pay to repair appellee's vehicle; 2) the sum of $6,043.46 is a fair and reasonable amount for attorney fees recoverable by appellee; 3) appellee is entitled to recover nominal compensatory damages and punitive damages for both the assault and battery appellant committed upon her; and 4) appellee is entitled to recover ten times actual damages as punitive damages in the amount of $61,759.60.
The trial court granted summary judgment to appellee based on appellant's admissions. The trial court awarded appellee $132.50 for property damage, $1.00 for assault, $1.00 for battery, $6,043.46 in legal fees, and $61,759.60 in punitive damages.
Appellant moved the court for relief from judgment pursuant to Civ.R. 60(B). However, before the trial court was able to hold a hearing on the motion, appellant appealed to this court, raising four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN ITS DETERMINATION OF PUNITIVE DAMAGES BECAUSE THE EVIDENCE BEFORE THE COURT DID NOT DEMONSTRATE MALICE OR INSULT ON THE PART OF PLAINTIFF-APPELLANT.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED BY ALLOWING GROSSLY EXCESSIVE PUNITIVE DAMAGES, DISPROPORTIONATE TO THE AMOUNT OF ACTUAL DAMAGES.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN AWARDING LEGAL FEES IN THE AMOUNT OF $6,043.46.
Appellant's arguments in support of his assignments of error have a common theme. Appellant asserts that he naively trusted his attorney to assist him with this case, but was let down because his attorney "failed to timely file pleadings and otherwise properly represent him." Yet, this same attorney successfully defended appellant against the domestic violence charge and indicated to the trial court at the summary judgment hearing that appellant refused to answer the requests for admission. Even assuming that appellant's failure to respond to the requests for admissions was the result of his attorney's neglect, an attorney's negligence will generally be imputed to his client. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, syllabus; GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 152.
Neither appellant nor his attorney responded to appellee's requests for admission under Civ.R. 36. Unanswered requests for admission render the matter requested conclusively established.Klesch v. Reid (1994), 95 Ohio App.3d 664, 674, citing ClevelandTrust Co. v. Willis (1985), 20 Ohio St.3d 66. Therefore, the trial court correctly found that the matters within appellee's requests for admission were conclusively established.
With this background in mind, we turn now to appellant's specific assignments of error. In his first assignment of error, appellant argues that the trial court erred by failing to grant appellant relief from judgment.
Although appellant moved the court for relief from judgment pursuant to Civ.R. 60(B), he appealed the judgment of the trial court to this court before the trial court was able to hold a hearing on the motion. The taking of an appeal deprives a trial court of the jurisdiction to rule upon a Civ.R. 60(B) motion for relief from judgment. Howard v. Catholic Social Serv. of CuyahogaCty., Inc. (1994), 70 Ohio St.3d 141, 147. Thus, appellant's actions divested the trial court of jurisdiction to decide the merits of his motion for relief from judgment. Since the trial court was unable to decide the motion because of lack of jurisdiction, there is nothing for this court to review on appeal. Accordingly, appellant's first assignment of error is overruled.
Appellant's second assignment of error maintains that the trial court erred by awarding appellee punitive damages. Specifically, appellant argues that punitive damages were inappropriate in this case because there was no evidence of malice or insult. In addition, appellant argues that his actions could not support an award of punitive damages because a jury concluded that his conduct did not constitute a crime.
Punitive damages may be awarded in civil tort actions where the plaintiff proves actual damages and the defendant's actions demonstrate malice, oppression, fraud or insult. Preston v. Murty
(1987), 32 Ohio St.3d 334; Wilkins v. Ondrovich (1997), 118 Ohio App.3d 93,100. Something more than mere negligence is always required. Preston at 335.
In this case, there is no allegation of fraud, insult or oppression. Therefore, the punitive damages award must necessarily rest on the presence of malice. The malice necessary for an award of punitive damages is either "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Id. at syllabus. Malice can be inferred from conduct and surrounding circumstances. Villella v.Waikem Motors, Inc. (1989), 45 Ohio St.3d 36, 37.
As already noted, appellant admitted that appellee was entitled to recover punitive damages from him as a result of his conduct in this case. Even absent appellant's admissions, there is sufficient evidence in the record to support the trial court's award of punitive damages. Appellant admitted to a previous conviction for domestic violence. Appellant's criminal trial testimony, which appellant admitted as truthful and accurate, reveals conduct motivated by hatred, ill will or a spirit of revenge. When appellee failed to abide by an oral agreement regarding the children on a particular day, appellant decided to return to the marital residence where appellee was staying. Appellant admitted he "busted" open appellee's bedroom door, breaking the doorjamb, when he entered the house and found the door locked. He also admitted to grabbing a telephone from appellee and intentionally disabling her automobile.
The fact that appellant was adjudicated not guilty of the criminal domestic violence charges stemming from this case is not controlling. The jury's verdict merely indicates that the state was not able to prove appellant's culpability for criminal conduct beyond a reasonable doubt. The verdict does not make appellant's conduct any more tolerable or less appropriate for an award of punitive damages. Punitive damages are intended to "punish and deter conduct resulting from a mental state so callous in its disregard for the rights and safety of others that society deems it intolerable." Calmes v. Goodyear Tire Rubber Co. (1991),61 Ohio St.3d 470, 473. Appellant's behavior demonstrates an intolerable disregard for the rights and safety of his estranged wife. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the trial court awarded grossly excessive punitive damages. Appellant asserts that the punitive damages are so disproportionate to the amount of actual damages that he is denied due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.
The amount of punitive damages may be excessive if the award is the result of passion or prejudice. Williams v. Aetna Fin. Co.
(1998), 83 Ohio St.3d 464, 480. "If the punitive damages award is not the result of passion or prejudice, and not the result of legal error, it is generally not in the province of the reviewing court to substitute its view for the [trier of fact]." Id.
A punitive damages award violates due process only when it can be categorized as grossly excessive in relation to a state's legitimate interests in punishing unlawful conduct and deterring its repetition. BMW of North America, Inc. v. Gore (1996),517 U.S. 559, 568, 116 S.Ct. 1589, 1959. Elementary notions of fairness "dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but of the severity of the penalty that a state may impose." Id. at 574,116 S.Ct. at 1598. Three guideposts for determining whether a punitive damages award is so excessive to violate due process are: the degree of reprehensibility of the defendant's conduct, the disparity between the harm or potential harm suffered by the plaintiff and the amount of the punitive damages award, and the difference between the amount of punitive damages awarded and the civil or criminal sanctions available to be imposed for similar misconduct. Id. at 574-75, 116 S.Ct. at 1598-99.
Appellant received full and fair notice of the exact amount of the punitive damages award sought by appellee in the requests for admissions. Appellant admitted that an award of punitive damages in that amount was appropriate by failing to respond to the requests. Appellant can hardly complain of a lack of due process. Further, the trial court's award of punitive damages is not the product of passion, prejudice or legal error. Accordingly, appellant's third assignment of error is overruled.
Appellant's fourth assignment of error maintains that the trial court erred in awarding legal fees to appellee. Appellant also attempts to challenge the reasonableness or appropriateness of certain entries in the billing statements of appellee's attorney.
Generally, absent a statutory provision allowing attorney fees, "the prevailing party is not entitled to an award of attorney fees unless that party against whom the fees are taxed was found to have acted in bad faith." State ex rel. Kabatek v. Stackhouse, (1983), 6 Ohio St.3d 55, 55-56. If an award of punitive damages in a case is proper, then the aggrieved party may also recover reasonable attorney fees. Columbus Finance Inc. V. Howard (1975),42 Ohio St.2d 178, 183. Where a trial court has decided to award attorney fees to a party, a reviewing court generally will not disturb that decision absent an abuse of discretion. Taylor v.McCullough-Hyde Memorial Hosp. (1996) 116 Ohio App.3d 595, 600. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The trial court determined that an award of punitive damages was appropriate in this case. As such, appellee was able to recover reasonable attorney fees. Moreover, appellant admitted that appellee was entitled to recover attorney fees and did not challenge the reasonableness of the fees before the trial court. Indeed, appellant's counsel conceded to the reasonableness of the attorney fees during the summary judgment hearing before the trial court. Therefore, we conclude that the trial court did not abuse its discretion in awarding attorney fees to appellee in the amount of $6,043.46.
 _____________________ POWELL, P.J.
WALSH and VALEN, JJ., concur.