This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jeannie Thompson ("Thompson"), appeals the decision of the Lorain County Court of Common Pleas granting summary judgment to the appellees, Lorain Community/St. Joseph Regional Health Center ("Lorain Community"), Dr. James Cohen and Northeast Ohio Emergency Affiliates, Inc. ("NOEA"). This Court affirms.
 I.
While Thompson was a patient at the Lorain Community emergency room in March 1996, she was placed in physical restraints. On October 22, 1997, Thompson filed a complaint against Lorain Community, Dr. Cohen and NOEA. Thompson sought damages for a violation of the Ohio Civil Rights Act, false imprisonment, battery, negligence, infliction of emotional distress and loss of consortium.[1] The appellees moved the trial court for summary judgment based on the immunity granted in R.C. 5122. The trial court denied the appellees' summary judgment finding that R.C. 5122 was not applicable to the facts of this case.
The appellees again moved for summary judgment arguing that the essence of Thompson's complaint was that Dr. Cohen committed medical malpractice by ordering the physical restraints. The appellees asserted that without providing expert testimony as to the appropriate standard of care, Thompson had failed to present a prima facie case of medical malpractice. Thompson opposed the motion asserting that her false imprisonment and battery claims were based on intentional tort which did not require expert testimony.
On July 12, 2000, the trial court granted the appellees summary judgment finding that Thompson's complaint stemmed from Dr. Cohen's medical treatment. No material issues of fact were in dispute because Thompson failed to present expert testimony to establish the applicable standard of care. This appeal followed.
 II. ASSIGNMENT OF ERROR WHETHER OR NOT THE TRIAL COURT ERRED IN GRANTING APPELLEES SECOND MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE CASE AFTER FINDING THAT APPELLANT'S COMPLAINT WAS FOR MEDICAL MALPRACTICE ONLY WHEN APPELLANT STATED CLEARLY THAT IT WAS AN INTENTIONAL TORT CLAIM AS TO THE FALSE IMPRISONMENT AND BATTERY CAUSES OF ACTION.
In her sole assignment of error, Thompson argues that the trial court erred in granting summary judgment to the appellees. This Court disagrees.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case."Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Like the trial court, the appellate court must view the facts in the case in the light most favorable to the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the non-moving party. Id.
When a defendant moves for summary judgment with or without supporting affidavits in a medical malpractice case, the plaintiff opposing the motion must set forth sufficient facts to prove all the elements of his claim. See Civ.R. 56(B) and (C). In order to establish a cognizable claim of medical malpractice:
 it must be shown by a preponderance of evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct and proximate result of such doing or failing to do some one or more of such particular things.
Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, paragraph one of the syllabus; Taylor v. McCullough-Hyde Mem. Hosp. (1996), 116 Ohio App.3d 595,599.
In support of their motions for summary judgment, the appellees presented selected portions of the depositions of Thompson, Dr. Cohen, Julie Gallagher and Elaine Porter Thompson. In his deposition, Dr. Cohen stated that it was very difficult to examine Thompson. She was agitated and therefore unresponsive to several of his questions regarding her medical history and present condition. After the initial physical exam and interview, Dr. Cohen observed Thompson's "behavior deteriorat[e] to an unsafe level."
He described her behavior as combative, out of control, inappropriate, agitated, restless, uncooperative, yelling and screaming. Dr. Cohen believed that Thompson posed a threat to her own safety as well as the safety of the medical staff. Based on his observation, Dr. Cohen ordered a two-point restraint for Thompson. Pursuant to hospital policy, security guards were called to execute the restraints.
Julie Gallagher, a registered nurse, recalled her interaction with Thompson in the emergency room. Before the security guards arrived with the restraints, Gallagher observed Thompson's face was "beet red" from screaming, yelling, and throwing her head back and forth. Gallagher feared that Thompson was so upset that she might fall from the hospital cart and injure herself on the hard floor.
In her deposition, Elaine Porter Thompson stated that she planned on testifying as a witness for Thompson regarding the damages caused by the restraints. Porter Thompson revealed she has no expertise in the use of restraints by physicians in hospitals. She is not a medical doctor, not able to prescribe physical restraints and not the author of any article regarding physical restraints. Over thirty years ago, Porter Thompson studied the use of restraints in a hospital setting.
In support of her opposition to the appellees' motion for summary judgment, Thompson did not provide the trial court with evidence to support her argument. Thompson presented portions of various identified and unidentified depositions, an unauthenticated police report and photograph, a letter from her treating physician regarding wearing a seat belt and her own affidavit.[2] Thompson failed to present evidence that her complaint contained claims exclusive of medical malpractice. Each claim in her complaint was directly related to the doctor's order to use physical restraints on her while she was a patient in the emergency room.
Where a party fails to make a showing of evidence as to the existence of an essential element of his or her cause of action, "there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Dresher, 75 Ohio St.3d at 288, quoting Celotex Corp. v. Catrett (1986), 477 U.S. 317, 322-23,91 L.Ed.2d 265, 273. Hence, since appellees provided evidence of adequate medical care for the medical malpractice claim and Thompson failed to adduce evidence to dispute it, this Court concludes that the trial court did not err in granting summary judgment in favor of the appellees.
Thompson's assignment of error is overruled.
 III.
Having overruled Thompson's sole assignment of error, this Court affirms the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] Jolliffe Michael Thompson, Thompson's husband, did not appeal the summary judgment against his loss of consortium claim.
[2] The record reflects that Thompson's affidavit states that she has never been diagnosed with schizophrenia.