[Cite as *O'Reilly v. O'Reilly*, 2019-Ohio-269.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**


JILLIAN O'REILLY,                :        **O P I N I O N**

       Plaintiff-Appellant,        :

    - vs -                        :        **CASE NO.  2018-G-0158**

DANIEL O'REILLY,                :

       Defendant-Appellee.        :


Appeal from the Geauga County Court of Common Pleas, Case No. 2013 DC 000485.

Judgment: Affirmed.


*Leslie A. Weiss,* Halberg & Associates Company, L.P.A., 198 East Aurora Road, Northfield, OH  44067 (For Plaintiff-Appellant).

*A. Pearce Leary,* 100 Park Place, Chagrin Falls, OH  44022 (For Defendant-Appellee).

*Ann M. D'Amico,* 6579 Wilson Mills Road, Macy House, Mayfield Village, OH  44143 (Guardian ad litem).


CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Jillian O'Reilly, appeals from the judgment of the Geauga County Court of Common Pleas, adopting the magistrate's decision ordering the parties' minor daughter, R.O., to attend kindergarten and ordering her to pay costs of the proceedings.  Appellant takes issue with the trial court's judgment ordering her to pay costs.  We affirm.

**{¶2}** Appellant and appellee, Daniel O'Reilly, have two daughters, R.O. and E.O. The parties disputed whether R.O. should be held back for an additional year of pre-school. The matter proceeded to hearing before the magistrate in the summer of 2017. After hearing evidence, the magistrate determined R.O. should be sent to kindergarten. Appellant filed timely objections, which were overruled. Appellant filed a notice of appeal. Appellee subsequently moved to dismiss the appeal as moot because R.O. had completed kindergarten. Appellant responded and appellee replied.

**{¶3}** Appellant had originally assigned seven errors, principally challenging evidentiary rulings made by the magistrate. On July 13, 2018, however, this court entered a judgment finding six assignments of error moot. This court retained jurisdiction over the remaining assignment of error:

**{¶4}** "The trial court abused its discretion by appropriating the costs of the action to the plaintiff, exclusive of the appellee whereby both parties filed a motion to be heard by the trial court, neither dealing with any wrong doing by either party."

**{¶5}** The assessment of costs is within the trial court's discretion and will not be reversed absent an abuse of discretion. *Taylor v. McCullough Hyde Memorial Hospital*, 116 Ohio App.3d 595 (12th Dist.1996); Civ.R. 54(D); *see also State ex rel. Reyna v. Natalucci-Persichetti*, 83 Ohio St.3d 194, 198 (1998). The phrase "abuse of discretion" is one of art, connoting a judgment which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

**{¶6}** Appellant asserts the trial court unfairly apportioned the court costs to her with no basis for doing so. We disagree.

{¶7} Civ.R. 54(D) governs costs, and provides: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." Appellee prevailed on the underlying motion. As appellant does not identify a statute or rule to the contrary and the court did not "otherwise direct," appellee is allowed costs. We discern nothing unreasonable in the trial court's decision.

{¶8} Appellant's assignment of error lacks merit.

{¶9} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶10} Finding merit in Ms. O'Reilly's assignment of error, I would reverse and remand. I agree that generally, Civ.R. 54(D) directs that costs should be awarded to the prevailing party. Daniel prevailed on the merits in the trial court. However, it is also true that costs are usually split in domestic relations proceedings. In this case, both parties presented legitimate arguments and evidence to the trial court. Consequently, I conclude that justice dictates that costs be split.