[Cite as *Burfitt v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-3863.]

| LAWRENCE R. BURFITT | Case No. 2019-00686JD |
|---|---|
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Scott Sheets |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} Defendant filed a motion for summary judgment on April 30, 2020 seeking dismissal of plaintiff's medical malpractice claim.  Plaintiff filed a response on May 18, 2020.  For the following reasons, the court grants defendant's motion for summary judgment.

{¶2} Civ.R. 56(C) states, in part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶3} Further, as stated in *Reeves v. Healy*, 192 Ohio App.3d 769, 2011-Ohio-1487, ¶ 38 (10th Dist.):

> To establish a cause of action for medical malpractice, the plaintiff "must show the existence of a standard of care within the medical community, breach of that standard of care by the defendant, and proximate cause between the medical negligence and the injury sustained." *Deer v. River Valley Health Sys.*, 4th Dist. No. 00CA20, 2001 Ohio 2662, quoting *Taylor v. McCullough-Hyde Mem. Hosp.* (1996), 116 Ohio App.3d 595, 599, 688 N.E.2d 1078. Expert testimony is required to establish the standard of care and to demonstrate the defendant's alleged failure to conform to that standard. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 130-31, 346 N.E.2d 673. Failure to establish the standard of care is fatal to a prima facie case of medical malpractice. Id. at 130.

Likewise, competent expert testimony is also required to establish that the medical negligence at issue was the direct and proximate cause of injury. *Corwin v. St. Anthony Med. Ctr.*, 80 Ohio App. 3d 836, 840 (10th Dist.1992). Medical experts must express their "opinions in terms of a reasonable degree of medical probability." *Reinhardt v. Univ. of Cincinnati Med. Ctr.*, 10th Dist. No. 94API04-603, 1994 Ohio App. LEXIS 5554, at *15 (Dec. 13, 1994).

{¶4} Finally, L.C.C.R. 8(E) provides "[a] party may not call an expert witness to testify unless a written report has been procured from said witness" and that [a]n expert will not be permitted to testify or provide opinions on issues not raised in the expert's report." The rule also provides that where parties are unable to obtain written reports, "the party must demonstrate that a good faith effort was made to obtain the report" and must still identify the expert.

{¶5} Defendant's motion and the affidavit of counsel attached thereto establish that plaintiff failed to disclose an expert and provide a report by the February 18, 2020 deadline previously set by the court. In his response, plaintiff does not dispute this fact. Instead, he asserts he has been unable to retain an expert because he is incarcerated.

The court understands that plaintiff faces challenges litigating his case. Notwithstanding these challenges, however, plaintiff's claims require expert testimony which plaintiff admittedly cannot provide.

{¶6} The court finds there is no genuine issue of material fact regarding plaintiff's failure to retain an expert and provide a report. Lacking expert testimony, reasonable minds could only conclude that plaintiff cannot sustain his burden regarding the standard of care, breach of that standard of care, and proximate cause. As plaintiff must present expert testimony to prevail on his medical malpractice claim and has admittedly failed to procure an expert, defendant is entitled to judgment as a matter of law.

{¶7} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. The court GRANTS defendant's motion for summary judgment. Judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Filed June 17, 2020
Sent to S.C. Reporter 7/28/20