[Cite as *In re Z.P.*, 2023-Ohio-3767.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF: Z.P.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 23-COA-004

O P I N I O N

CHARACTER OF PROCEEDINGS:     Appeal from the Ashland County Court of
                              Common Pleas, Juvenile Division, Case
                              No. 2022 2116

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       October 16, 2023

APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

CHRISTOPHER R. TUNNELL, ESQ.             JOSEPH KEARNS, ESQ.
Ashland County Prosecuting Attorney      Mason Mason & Kearns
                                         153 West Main Street
NADINE HAUPTMAN, ESQ.                    Ashland, Ohio 44805
Assistant Prosecuting Attorney
110 Cottage Street – Third Floor
Ashland, Ohio 44805

*Hoffman, P.J.*

{¶1} Plaintiff-appellant the state of Ohio appeals the judgment entered by the Ashland County Common Pleas Court, Juvenile Division, ordering the State to pay subpoena costs following the dismissal of a complaint filed against Defendant-appellee Z.P.

### STATEMENT OF THE CASE[1]

{¶2} On September 29, 2022, the State filed a complaint alleging Z.P. was a delinquent child by reason of possession of marijuana, a minor misdemeanor if committed by an adult, in violation of R.C. 2925.11. The case was set to proceed to an adjudicatory hearing on December 28, 2022.

{¶3} At the outset of the adjudicatory hearing, the trial court noted it had received a new complaint titled "first amended complaint" filed earlier the same day. The complaint alleged Z.P. was delinquent by reason of possession of marijuana and possession of drug paraphernalia.

{¶4} The assistant prosecuting attorney appearing on behalf of the State represented she became aware the day of the hearing the amended complaint she sent out to be filed several weeks prior was not filed until the day of the hearing. She indicated she intended to proceed on the charge of drug paraphernalia pursuant to the amended complaint, as well as the original charge of possession. Counsel for Z.P. indicated she was prepared to proceed on the complaint alleging possession of marijuana filed September 29, 2022, but not to the new charge of possession of drug paraphernalia filed that morning.

---

[1] A rendition of the facts is unnecessary to a resolution of the issue raised on appeal.

**{¶5}** The State argued the added charge was a lesser-included offense of the original charge of possession of marijuana. The trial court disagreed, finding a person can possess marijuana without possessing a device used to ingest marijuana. The trial court noted multiple witnesses were present to proceed on the adjudicatory hearing on the original complaint, but the lateness of the additional different charge deprived Z. P. of an opportunity to prepare. The trial court indicated it intended to proceed solely on the original complaint, alleging possession of marijuana.

**{¶6}** The State moved to dismiss the September 29, 2022 complaint without prejudice. The following colloquy followed:

THE COURT: And is the State going to assess paying all the Court costs associated with this case?

MS. HAUPTMAN: I don't know how the costs work.

THE COURT: You issued Subpoenas, the juvenile gets charged, that's what happens, that's how court costs work, Ms. Hauptman, you issued Subpoenas and juveniles get assessed costs to pay those when you decide to ask for a continuance, not go to trial, file a Complaint last minute, those, those, those things cause costs, they get assessed ultimately.

**{¶7}** Tr. 8-9.

**{¶8}** The trial court granted the State's motion to dismiss the complaint and reserved the matter of costs. By judgment entry filed January 13, 2023, the trial court dismissed the complaint filed September 29, 2022. The judgment entry stated, "Ashland

County Prosecutor's Office shall cause the payment of any subpoena costs to be made." The same day a "court cost bill", bearing the typewritten name of the trial judge but signed only by the deputy clerk of courts, assessed "costs" of $138.45 against the Ashland County Prosecutor's Office.

{¶9} It is from the January 13, 2023 judgment of the trial court the State prosecutes its appeal, assigning as error:

THE ORDER OF THE JUVENILE COURT IMPOSING COSTS AGAINST THE OFFICE OF THE ASHLAND COUNTY PROSECUTING ATTORNEY IS CONTRARY TO LAW.

{¶10} The assessment of costs which are authorized by law is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Taylor v. McCullough Hyde Memorial Hosp.*, 116 Ohio App.3d 595, 600, 688 N.E.2d 1078 (1996). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶11} The State argues the trial court's assessment of costs was not authorized by law, and cites to this Court's decision in *State v. Songer*, 5th Dist. Ashland N. 03-COA-051, 2044-Ohio-1281. In *Songer,* the initial trial ended in a mistrial. The trial court ordered the State to post a $2,500 bond to apply to juror fees and indigent counsel fees upon retrial. This Court found the trial court abused its discretion:

In its order, the trial court assessed jury fees and indigent counsel fees. Both of these fees are specifically provided for by statute, R.C. 2947.23, R.C. 2313.33, R.C. 2313.34, R.C. 120.33, and are payable through the county treasury. R.C. 2335.37. The general assembly has set forth a plan and scheme for the collection of juror fees and indigent counsel fees. We conclude no interest of justice is served by reassigning this statutory responsibility to another arm of the executive branch of government.

Although we are loath to classify any thoughtful determination by any trial court as abuse of discretion, we nonetheless find the punitive assessment against the county prosecutor to be unfounded in law and against the interest of justice.

**{¶12}** *Id.* at ¶¶ 22-23.

**{¶13}** We find the instant case distinguishable from *Songer*. *Songer* involved the posting of a bond to secure the costs of a retrial, specifically jury fees and indigent counsel fees, for a retrial. The judgment entry in the instant case specifically orders the State to pay only subpoena costs. Although not cited by the trial court in its entry, Juv. R. 17 provides in pertinent part:

**(D) Protection of Persons Subject to Subpoenas**.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.

**(F) Sanctions.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be a contempt of the court from which the subpoena issued. A subpoenaed person or that person's attorney who frivolously resists discovery under this rule may be required by the court to pay the reasonable expenses, including reasonable attorney's fees, of the party seeking the discovery. *The court from which a subpoena was issued may impose upon a party or attorney in breach of the duty imposed by division (D)(1) of this rule an appropriate sanction, that may include, but is not limited to, lost earnings and reasonable attorney's fees.* (Emphasis added).

{¶14} In the instant case, the prosecutor presented no reason on the record to explain the late filing of the amended complaint. The prosecutor simply stated the complaint had been "sent out to be filed a couple of weeks ago," but she only learned the morning of the adjudicatory hearing the complaint had not in fact been filed until that day. Tr. 5. The trial court found no "satisfactory or mitigating" reason for the late filing of the amended complaint. Tr. 8. Witnesses had been subpoenaed and were prepared to testify at the adjudicatory hearing when the State elected to dismiss the complaint rather than proceed only on the original charge of possession of marijuana. Juv. R. 17 specifically

allows the trial court to sanction an attorney for failing to take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena, such sanctions including but not limited to lost earnings and reasonable attorney's fees. We find the Juv. R. 17(F) is broad enough to permit the trial court to assess the court costs associated with subpoenas issued in violation of the duty imposed by Juv. R. 17(D)(1). We find the trial court did not abuse its discretion in ordering the prosecutor's office to pay the subpoena costs associated with the adjudicatory hearing in this case.

{¶15} The State argues the record is silent as to what "costs" are represented in the bill for $138.45, and there is no itemization or breakdown. The cost bill in the instant case is not captioned as a judgment entry and is signed by the deputy clerk, not by the judge. The judgment entry filed in the instant case specifically assesses subpoena costs to the prosecutor's office, not general costs. Our review of the fees noted on the return of service on the back of the subpoenas issued in the case discloses the total fees associated with the subpoenas issued is $138.45, which is the amount assessed to the prosecutor's office in the cost bill. We find no error in the amount of the cost bill.

**{¶16}** The assignment of error is overruled.  The judgment of the Ashland County Common Pleas Court, Juvenile Division, is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur